David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*NANLISHA D. STEWART*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NANLISHA D. STEWART, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| CHECK CITY PARTNERSHIP, LLC, | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff NANLISHA D. STEWART, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by negligently,

knowingly, and/or willfully placing automated calls to Plaintiff's cellular phone without consent, thereby violating the TCPA.

2. This action also arises out of Defendant's violations of Nevada Revised Statutes Chapter 604A.010 *et seq.* ("NRS 604A"), and the harassment of Plaintiff by Defendant in its illegal efforts to collect a high-interest loan as defined under this Chapter.

3. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

4. Defendant has, through its conduct in collecting a loan governed by NRS 604A, violated NRS 604A.5041 (hereinafter "NRS 604A.5041").

5. Defendant CHECK CITY PARTNERSHIP, LLC is a "licensee" as that term is defined by NRS 604A.075.

6. NRS 604A.5041 incorporates the Fair Debt Collection Practices Act (FDCPA), as amended, 15 U.S.C. §§ 1692a to 1692j, which applies herein "even if the licensee is not otherwise subject to the provisions of the [FDCPA]."

7. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) &

(c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

9. Plaintiff NANLISHA D. STEWART ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant CHECK CITY PARTNERSHIP, LLC ("Check City") is doing business in the State of Nevada.

12. Check City is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

13. Plaintiff allegedly incurred a financial obligation ("Debt") to Check City.

14. The Debt was a "high-interest loan" as defined by NRS 604A.0703.

15. NRS 604A.5041 provides that:

> If a customer defaults on a high-interest loan, the licensee who operates a high-interest loan service may collect the debt owed to the licensee only in a professional, fair and lawful manner. When collecting such a debt, the licensee

must act in accordance with and must not violate sections 803 to 812, inclusive, of the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, even if the licensee is not otherwise subject to the provisions of that Act.

16. As such, a violation of the Fair Debt Collection Practices Act (FDCPA) a though j is also a violation of NRS 604A.

**B. Check City Engages in Harassment and Abusive Tactics**

**FACTS**

17. One February 21, 2020, Plaintiff filed for Chapter 13 Bankruptcy ("Bankruptcy"). Plaintiff's Bankruptcy was assigned case number 20-10984-abl.

18. Plaintiff scheduled the Debt in the Bankruptcy. *See* Bankruptcy ECF No. 1.

19. Check City received notice of the Bankruptcy through the Court's BNC noticing system. *See* Bankruptcy ECF No. 14.

20. However, Check City persisted in contacting Plaintiff to collect the Debt, even after the Bankruptcy was filed.

21. Specifically, Check City continued calling, emailing, and texting Plaintiff to collect the Debt. Plaintiff informed Check City multiple times of the Bankruptcy and her representation by counsel regarding the Debt, and explicitly instructed Check City to stop contacting her.

22. Plaintiff's protestations notwithstanding, Check City continued

bombarding her with demands to pay the Debt.

**C. <u>Plaintiff Suffered Actual Damages</u>**

23.   Plaintiff has suffered and continues to suffer actual damages as a result of Check City's unlawful conduct.

24.   Further, Plaintiff alleges that Check City's actions at all times herein were "willful."

25.   As a direct consequence of Check City's harassing phone calls, acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, and has otherwise been totally annoyed by Check City's intrusive and illegal collection efforts.  Plaintiff has also lost the use of personal and family time while enduring these frustrations.

## **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

26.   In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

27.   The TCPA regulates, among other things, the use of automated telephone dialing systems.

28.   47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

    (A)   to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B)   to dial such numbers.

29. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

30. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.  The FCC also recognized that wireless customers are charged for incoming calls.[1]

31. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

32. On July 10, 2015, the FCC issued FCC Order 15-72, wherein the FCC[3] stated that "[a] caller may not limit the manner in which revocation [of prior

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[3] See Declaratory Ruling and Order, Adopted June 18, 2015 and Released July 10, 2015 regarding *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135 (https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1.pdf).

express consent to call] may occur" and that the "burden is on the caller to prove it obtained the necessary prior express consent".  *Id*. at ¶ 30.

33.     Further, consumers (like Plaintiff) may revoke consent through any reasonable means.  *Id*. at ¶ 47.

34.     Nothing in the language of the TCPA or its legislative history supports the notion that Congress intended to override a consumer's common law right to revoke consent.  *Id*. at ¶ 58.

35.     Indeed, some consumers may find unwanted intrusions by phone more offensive than home mailings because they can cost them money and because, for many, their phone is with them at almost all times.  *Id*. at ¶ 61.

36.     Consumers have a right to revoke consent, using any reasonable method including orally or in writing.  *Id*. at ¶ 64.

**ALLEGATIONS APPLICABLE TO ALL TCPA COUNTS**

37.     As described above, Plaintiff received numerous unsolicited calls and text messages from Check City after filing the Bankruptcy.

38.     Upon information and belief, Check City employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

39. Check City or its agent/s contacted Plaintiff on Plaintiff's cellular telephone number ending in "5639" via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

40. As described above, Plaintiff filed the Bankruptcy on February 21, 2020, thereby revoking consent, if any ever existed, to be contacted by Check City via an ATDS.  Further, after Check City continued contacting her, Plaintiff expressly instructed it to stop contacting her.

41. Moreover, Check City did not have prior express consent to place any automated or prerecorded calls or texts to Plaintiff on Plaintiff's cellular telephone at any time.

42. However, Check City placed calls and texts to Plaintiff's cellular telephone without consent using an ATDS in violation of the TCPA.

43. An example of the unsolicited automated text messages Plaintiff has received is reprinted below:



44.     Check City's ATDS has the capacity to store or produce telephone numbers to be called or texted, using a random or sequential number generator.

45. The telephone number that Check City used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

46. Check City's calls and texts to Plaintiff's cellular telephone were not for "emergency purposes."

47. Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Check City to demonstrate that it had prior express consent to call or text Plaintiff's cellular phone with an ATDS.

48. Plaintiff suffered actual harm and loss, since the unwanted calls and texts depleted Plaintiff's cell phone's battery, and the cost of electricity to recharge the phone is a tangible harm. While small, this cost is a real one, and the cumulative effect can be consequential, just as is true for exposure to X-rays resulting from Check City's unwanted phone calls to Plaintiff's cell phone.

49. Plaintiff also suffered from an invasion of a legally protected interest by placing calls and texts to Plaintiff's personal phone line when Check City had no right to do so, resulting in an invasion of Plaintiff's right to privacy. The TCPA protects consumers from this precise behavior.

50. Plaintiff has a common law right to privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA.

51. Plaintiff was also personally affected, since Plaintiff felt her privacy had been invaded when Check City placed calls and texts to Plaintiff's phone line without any consent to do so.

52. The injury suffered by Plaintiff is concrete because Check City's violations caused Plaintiff to suffer an invasion of privacy.

## COUNT I

### Violations of the FDCPA
### (as incorporated through NRS 604A.5041)

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Any violation of 15 U.S.C. §§ 1692a through j constitutes a violation of NRS 604A.5041.

55. Check City's conduct violated 15 U.S.C. § 1692c(a)(2) in that Check City contacted Plaintiff after it knew Plaintiff was represented by an attorney.

56. Check City's conduct violated 15 U.S.C. § 1692c(c) in that Check City engaged in communication with Plaintiff after written notification that Plaintiff refuses to pay the Debt, or that Plaintiff requested Check City to cease communication with Plaintiff.

57. Check City's conduct violated 15 U.S.C. § 1692d in that Check City engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

58. Check City's conduct violated 15 U.S.C. § 1692d(5) in that Check City caused Plaintiff's phone to ring repeatedly or engaged Plaintiff in repeated conversations in connection with the collection of a debt.

59. Check City's conduct violated 15 U.S.C. § 1692f in that Check City used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

60. The foregoing acts and omissions of Check City constitute numerous and multiple violations of the FDCPA (and therefore also constitute violations of NRS 604A.415), including every one of the above-cited provisions.

61. Plaintiff is entitled to damages as a result of Check City's violations.

62. Plaintiff has been required to retain the undersigned as counsel to protect Plaintiff's legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II

**Negligent Violations of the
Telephone Consumer Protection Act,
(47 U.S.C. § 227, *et seq*.)**

63. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

64. Check City negligently placed multiple automated calls and texts to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

65. Each of the aforementioned calls and texts by Check City constitutes a negligent violation of the TCPA.

66. As a result of Check City's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call or text in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

67. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Check City in the future.

## COUNT III

**Knowing and/or Willful Violations of the
Telephone Consumer Protection Act,
(47 U.S.C. § 227, *et seq.*)**

68. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

69. Check City knowingly and/or willfully placed multiple automated calls or texts to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

70. Each of the aforementioned calls or texts by Check City constitutes a knowing and/or willful violation of the TCPA.

71. As a result of Check City's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call or text in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47

U.S.C. § 227(b)(3)(C).

72. Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Check City in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, awarding Plaintiff:

1. consequential damages pursuant to NRS 604A.930 against Defendant for Plaintiff;

2. statutory damages pursuant to NRS 604A.930 against Defendant for Plaintiff;

3. for an award of actual damages pursuant to NRS 604A.930 against Defendant for Plaintiff;

4. for an award of punitive damages pursuant to NRS 604A.930 against Defendant for Plaintiff;

5. for an award of costs of litigation and reasonable attorney's fees pursuant to NRS 604A.930 against Defendant for Plaintiff;

6. a "voiding" of the Debt, barring Defendant from collecting thereon, and compelling Defendant to turnover any principal, interest or other charges or fees collected on the Debt pursuant to NRS 604A.900(1).

7. injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

8. statutory damages of $500.00 for each and every call and text in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

9. treble damages of up to $1,500.00 for each and every call and text in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

10. any other legal or equitable relief that the court deems appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 5, 2020

Respectfully submitted,

By /s/ David Krieger, Esq.

David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*NANLISHA D. STEWART*